WALL v. DAVIS.

1. Where the losing party appeals from the judgment of a trial justice, without stating in what particular he claims the judgment should have been more favorable to him, he will not be entitled to costs, unless the judgment appealed from be wholly reversed. And where the appellant is not entitled to the costs of his appeal, the respondent is. *Code,* § 373.

2. A ground of appeal in the words: "Because the verdict was contrary to the law and the evidence, in that the jury did not find for the defendant," is not a statement of the particulars complained of within the meaning of this section.

3. This provision of law as to costs where there is a specification of the particulars complained of in the judgment appealed from, relates only to appeals seeking a modification of the judgment below, and not to appeals which demand a reversal.

---

Before WALLACE, J., Spartanburg, October, 1882.

Action by R. J. F. Wall against J. B. Davis, commenced in a trial justice's court, August 2d, 1880. The opinion states the case.

*Messrs. J. S. R. Thomson* and *Duncan & Sanders,* for appellant.

*Messrs. Bobo & Carlisle,* contra.

July 4th, 1883. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The plaintiff having recovered a judgment before a trial justice for the sum of $39.38, defendant gave the following notice of appeal to the Circuit Court: "Please take notice that the defendant appeals from the judgment in the above stated case upon the following grounds: 1. Because the trial justice erred in admitting testimony to vary the terms of the written contract. 2. Because the trial justice erred in allowing a calculation made by a witness to be used by the jury in making up this verdict. 3. Because the verdict of the jury was contrary to the law and the evidence, in that they did not find for the defendant. 4. Because the trial justice had no jurisdiction of the case."

At the trial in the Circuit Court the plaintiff obtained a verdict for $19.57, whereupon the Circuit judge passed the following order: "This action having been tried before me on appeal from a trial justice's court, and the verdict of the jury having been more favorable to the appellant than the judgment of the court below, by an amount exceeding the sum of ten dollars, on motion of Bobo & Carlisle, attorneys for the appellant, ordered that the appellant have leave to enter up judgment for the costs and disbursements of the appeal, to be taxed by the clerk of this court, and that he have leave to issue execution thereon."

From this order the plaintiff appeals on various grounds, but under the view which we take of the fifth and sixth grounds of appeal, the questions presented by the other grounds cannot arise, and, therefore, it will be unnecessary to state or consider them. The fifth ground of appeal is as follows: " Because his Honor erred in allowing any costs and disbursements to the defendant." And the sixth is in the following words: " Because

the defendant having failed to state in his notice of appeal from the judgment rendered against him in the trial justice's court, in what particular or particulars said judgment should have been more favorable to him, the plaintiff is entitled to costs and disbursements in the action and on the appeal."

The question raised by this appeal involves the construction of the language used in section 373 of the code of 1882, which reads as follows : " Costs shall be allowed to the prevailing party, in judgments rendered on appeal, in all cases, with the following exceptions and limitations : In the notice of appeal the appellant shall state in what particular or particulars he claims the judgment should have been more favorable to him. If he claims that the amount of judgment is less favorable to him than it should have been, he shall state what should have been its amount. Within fifteen days after the service of the notice of appeal the respondent may serve upon the appellant and trial justice an offer, in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal. The appellant may, thereupon, and within five days thereafter, file with the trial justice a written acceptance of such offer, who shall thereupon make a minute thereof in his docket, and correct such judgment accordingly; and the same, so corrected, shall stand as his judgment and be enforced accordingly, and any execution which has been issued upon the judgment appealed from shall be amended by the trial justice to correspond with the amended judgment. If such offer be not made, and the judgment in the appellate court be more favorable to the appellant than the judgment of the court below, or if such offer be made and not accepted, and the judgment in the appellate court be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs; *provided, however*, that the appellant shall not recover costs unless the judgment appealed from shall be reversed on such appeal or be made more favorable to him to the amount of at least ten dollars. If the offer be made and accepted by the appellant, the appellant shall recover all his disbursements on appeal and all his costs in the court below. But the appellant shall not recover costs except as provided in this chapter. The respondent shall be entitled to recover

costs where the appellant is not. Whenever costs are awarded
to the appellant, and when the judgment in the suit before the
court below was against such appellant, he shall further be
allowed to tax the costs incurred by him, which he would have
been entitled to recover in case the judgment below had been
rendered in his favor. If, upon an appeal, a recovery for any
debt or damages be had by one party, and costs be awarded to
the other party, the court shall set off such costs against such
debt or damages and render judgment for the balance.    *    *    *
If the judgment appealed from be reversed in part, and affirmed
as to the residue, the amount of costs allowed to either party
shall be such sum as the appellate court may award, not exceed-
ing five dollars. If the appeal be dismissed for want of prose-
cution, as provided by section 366, no costs shall be allowed to
either party. In every appeal the trial justice before whom the
judgment appealed from was rendered, shall receive sixty cents
for his return. If the judgment be reversed for an error of fact
in the proceedings, not affecting the merits, costs shall be in the
discretion of the court. If, in the notice of appeal, the appel-
lant shall not state in what particular or particulars he claims
the judgment should have been more favorable to him, he shall
not be entitled to costs unless the judgment appealed from shall
be wholly reversed."

We think it plain that the object of this section was to enable
one who appeals from a judgment rendered by a trial justice,
which he regards as erroneous in one or more particulars, while
admitted to be correct in other respects, to take the judgment of
an appellate tribunal as to such alleged errors without incurring
the costs of the appeal, if the same should prove to be errors,
provided he would in his notice of appeal specify the particular
or particulars in which he claims the judgment appealed from is
erroneous, so that the respondent may, if he desires, consent to
the correction of such errors without further costs ; or, refusing
to do so, that he shall then take the risk of the costs to be
incurred in determining the question of the correctness of the
judgment in the particulars specified. So that, according to the
scheme of the section, the first step is to be taken by the appel-
lant by stating in his notice of appeal " in what particular or

particulars he claims the judgment should have been more favorable to him ;" and, unless he does this, the last sentence of the section expressly provides that "he shall not be entitled to costs unless the judgment appealed from shall be wholly reversed."

Inasmuch as the judgment appealed from was not wholly reversed, the practical question is, whether the defendant, who appealed from the judgment of the trial justice, complied with this condition precedent. We have set out in full his notice and grounds of appeal, and it is perfectly manifest that he has nowhere stated "in what particular or particulars the judgment should have been made more favorable to him." The only thing relied upon for this purpose is his third ground of appeal, which is in the following language : "Because the verdict of the jury was contrary to the law and the evidence, in that they did not find for the defendant." This, so far from stating any particular in which the judgment appealed from should have been more favorable to the defendant, could not well have been couched in more general terms. Indeed, as has often been held, an exception or ground of appeal taken for the purpose of an appeal to this court, in such general terms as these, would not be entitled to any consideration as it would not serve to point out the error which the court is asked to correct. But, more than this, we are satisfied that the provision in the section under consideration, for the benefit of one who appeals from the judgment of a trial justice, was only designed to apply where it was sought by the appeal simply to modify the judgment appealed from by correcting it in certain particulars wherein it is claimed to be erroneous, and that it was not designed to apply in a case where the object of the appeal is to reverse the judgment appealed from.

There may, possibly, be good reason for exempting a party from the hazard of costs who, while admitting the justice of the claim brought against him to a certain amount, only desires to protect himself from a judgment for more than he admits to be due, provided he succeeds in making good his claim to such protection ; for, in such case, he is really the prevailing party so far as the real points of litigation are concerned ; but there is no reason why an appellant should be entitled to an exemption from

costs by simply asserting in general terms that the judgment from which he appeals is wholly erroneous, and should, therefore, be reversed *in toto*. If he desires to litigate the whole case he must do so upon the same terms that are required of all other parties, and incur the hazard of costs like all other losing parties.

We think, therefore, that under a proper construction of this section of the code, one who appeals from a judgment recovered before a trial justice, must, in order to entitle himself to the benefits of the provisions of this section in respect to costs, state in his notice of appeal the particular or particulars in which he claims that the judgment appealed from should have been more favorable to him, in such a manner as will enable his adversary to offer to have the judgment corrected in the particulars stated; and that a mere statement that the judgment appealed from is wholly erroneous and should be reversed, will not entitle the appellant to the benefits of this section in respect to costs. When the appeal seeks an entire reversal of the judgment appealed from, then " costs shall be allowed to the prevailing party," inasmuch as such an appeal does not fall within the exceptions and limitations provided for in section 373. The defendant, in his notice of appeal from the judgment recovered before the trial justice, having failed, as we have seen, to " state in what particular or particulars he claims the judgment should have been more favorable to him," could not, by the express provision of the section, recover costs, unless the judgment was wholly reversed, which was not done; and, therefore, by another provision of the section, the plaintiff was entitled to recover his costs.

The defendant in his argument here has also attempted to sustain the order appealed from, upon the ground that the Circuit judge had a right to exercise his discretion as to who should pay costs, and that, having done so, this court will not interfere. As to this position, it is quite sufficient to say that is very apparent that the order appealed from did not proceed from the exercise of any discretion on the part of the Circuit judge, but was manifestly based upon what we have seen to be an erroneous construction of the provisions of section 373 of the code of 1882. The question, therefore, whether, in a case like this,

costs are in the discretion of the court, is not before us for decision and we do not propose to pass upon it now.

The judgment of this court is, that the order appealed from be reversed, and the case be remanded to the Circuit Court for such further proceedings as may be necessary.